P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>ORLI LA JOLLA RE LLC, a California limited liability company,<br><br>Defendant. | Case No: **'24CV2237 RSH BLM**<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

## PARTIES

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Orli La Jolla Re LLC, owns and/or operates and does business as the hotel Orli La Jolla located at 7753 Draper Avenue, La Jolla, California 92037. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7. Plaintiff formerly worked in the hospitality industry. She is an avid traveler across California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws, doing so at least once per month. Testing is encouraged by the Ninth Circuit.

8. Plaintiff alleges that she visited Defendant's hotel in late October 2024 with the intent to reserve a room for the night. She visited with her husband.

9. The Hotel was one of the most beautiful and quaint hotels she has ever visited, but her experience made her feel unwelcome.

10. Upon arrival at the Hotel, there were many obstacles to entering the Hotel, but she only alleges one ADA violation at this time.

11. Upon arrival, she first had to navigate a curb at the passenger loading parking area in front of the Hotel. She is not alleging that is an ADA violation at this time. However, it would be wise for Defendant to arrange for a curb cutout, which is statutorily classified as readily achievable.

12. She then had to proceed through a wrought iron gate. The gate would be impossible to proceed through in a wheelchair, but Plaintiff's husband was there with her to assist her. She does not allege that as an ADA violation at this time.

13. However, she alleges that once she proceeded through the wrought iron gate, there were there were three steps to enter into the Lobby. Being in a wheelchair, she cannot enter cannot traverse steps. There was no signage to lead to an accessible entrance, so she and her husband left deterred from entering the Hotel.

14. Later, Plaintiff's husband telephoned the Hotel and inquired whether there was an accessible entrance, but no one answered the telephone.

15. Plaintiff has certain plans of returning and staying at the Hotel in March 2025 during one of her many trips across Southern California, in the hopes that Defendant will have remediated the barrier by then thereby allowing her full and equal access. If the barrier is not removed by the time of her return, she will remain deterred.

16. It is readily achievable and inexpensive to modify the Hotel either install a ramp, which is statutorily classified as readily achievable, or to provide signage pointing to an accessible entrance, which none was present nor was there any obvious place where such an accessible entrance was located.

17. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

18. Plaintiff reserves the right to amend her Complaint to include other ADA violations that she encountered during her visit.

### FIRST CAUSE OF ACTION

19. Plaintiff incorporates all allegations heretofore set forth.

20. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

21. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

22. In violation of the 2010 Standards, Defendant's Hotel has steps leading to the entrance of its Hotel Lobby, no obvious or apparent accessible entrance and no signage to an accessible entrance, if any actually exists.

23. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

24. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

25. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its parking lot be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its Hotel into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Provision of whatever other relief the Court deems just, equitable and appropriate.

**SECOND CAUSE OF ACTION**

26. Plaintiff realleges all allegations heretofore set forth.

27. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

28. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

29. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

30. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

31. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its Hotel into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Damages in the amount of $4,000.00; and

e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 1st day of December, 2024.

>  /s/ P. Kristofer Strojnik
>  P. Kristofer Strojnik (242728)
>  Attorneys for Plaintiff

### VERIFICATION

|   |   |
|---|---|
| 1 |   |
| 2 | I declare under penalty of perjury that the foregoing is true and correct. |
| 3 | DATED this 1st day of December, 2024. |

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of December, 2024.

_____
Theresa Marie Brooke